NO. 12-01-00219-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




JOHN PAUL STARR,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS







PER CURIAM


 Appellant John Paul Starr pleaded guilty to the offense of Aggravated Assault with a Deadly
Weapon. The jury assessed punishment at five years of imprisonment. On appeal, Appellant
complains that the trial court erred when it refused to grant a mistrial based upon the State's failure
to disclose the felony conviction of one of its witnesses. We affirm. 


Background

 Appellant testified at the punishment phase of his trial. He admitted that he became angry
when he discovered that his friend, A. J. Roberson, was having an affair with his wife. Appellant
asked his nephew to drive him to Roberson's residence, at which time Appellant confronted
Roberson with a shotgun, purportedly just to scare him. A scuffle ensued, at which time Roberson
gained control of the gun. Appellant left and Roberson called the police. 

 Roberson testified to substantially the same facts, except that he maintained that during the
struggle, the gun discharged, with the bullet lodging in the door frame. Police officers provided
pictures of the bullet and bullet hole, and testified that the bullet had, in fact, been discharged from
Appellant's gun. Appellant, however, denied ever firing the gun.


Failure to Disclose Felony Conviction

 In his sole issue, Appellant complains that the trial court erred when it refused to grant his
motion for a mistrial. Appellant argues that a mistrial was proper because the State failed to disclose
to the defense that a prosecution witness, Chris Bailey, had a felony conviction. Consequently,
according to Appellant his attorney was unable to impeach Bailey, causing him prejudice. 

 Bailey testified that he went to visit a friend, and Appellant was there pulling up carpet. 
According to Bailey, for some unknown reason, Appellant attacked him, hitting him first with a
shovel, and then with his fist. Bailey's injuries required medical attention. Upon cross-examination,
Bailey admitted that he never actually saw Appellant hit him, but assumed that it was he who did so. 
He also conceded that he really could not say with certainty who attacked him.

 Later in the trial proceedings, Larry Lennox was called to the stand as a defense witness. He
testified that he knew Bailey, and that he was present when Bailey was assaulted. Lennox averred
that a man by the name of Ronnie Johnson, not Appellant, hit Bailey with a shovel. He also stated
that Appellant hit Bailey with his fist only after he asked Bailey three times to leave the property,
but he refused to do so. Upon redirect, Appellant's attorney asked Lennox where he met Bailey, to
which he replied the Texas Department of Corrections. Upon further questioning, Lennox testified
that Bailey had been in prison for committing the felony of car theft. 

 After Bailey's felony came to light, defense moved for a mistrial because the State had not
disclosed his conviction. In the alternative, Appellant's attorney requested that Bailey's testimony
be stricken in its entirety. The prosecutor stated that she did not know about Bailey's felony
conviction until she heard Lennox's testimony. She argued that the jury now knew about Bailey's
conviction, so no harm had been done. The trial judge ruled that he would order the jury to ignore
Bailey's testimony, which he did.

Standard of Review

 The issue before us is a nondisclosure Brady v. Maryland issue. 373 U.S. 83, 83 S. Ct. 1194,
10 L. Ed. 2d 215 (1963). Appellant's due process rights were violated by the nondisclosure if:


 [T]he prosecutor (1) failed to disclose evidence (2) favorable to the accused and (3) the evidence is
material, meaning there is a reasonable probability that, had the evidence been disclosed to the
defense, the result of the proceeding would have been different.


Little v. State, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). Favorable evidence is defined as, ".
. . any evidence that, if disclosed and used effectively, may make the difference between conviction
and acquittal." Id. (citing Thomas v. State, 841 S.W.2d 399, 404 (Tex. Crim. App. 1992)). This
includes exculpatory and impeachment evidence. Impeachment evidence is evidence "which is
offered to dispute, disparage, deny, or contradict." Id.

 However, if the evidence is turned over in time for the defendant to use it in his defense, the
defendant's Brady claim fails. Id. The issue then becomes whether or not the tardy disclosure
prejudices the defendant. Id. The error must be examined in the context of the entire record, and
in the context of the overall strength of the State's case. Thomas v. State, 841 S.W.2d 399, 404-05
(Tex. Crim. App. 1992). 

Analysis

 In the context of the entire record, and in the context of the overall strength of the State's
case, we hold that the failure to disclose Bailey's felony conviction until trial did not prejudice the
defense. There is not a reasonable probability that had the conviction been timely disclosed, the
outcome of the punishment trial would have been different. Bailey's testimony was peripheral at
best, and he was not even sure that it was Appellant who hit him. Furthermore, there was extensive
testimony at trial that Appellant had engaged in other violent acts, especially against his wife. 
Additionally, the conviction was made known to the jury, and the trial court ordered Bailey's
testimony to be disregarded. Bailey's testimony, therefore, cannot be said to have undermined
confidence in the punishment trial's outcome. See Shanks v. State, 13 S.W.3d 83, 86 (Tex. App.-
Texarkana 2000, no pet.). Accordingly, we overrule Appellant's sole issue.

 We affirm the judgment of the trial court. 

Opinion delivered April 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.




DO NOT PUBLISH